IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x
)
In re:                                             )    Chapter 11
                                                   )
QIMONDA RICHMOND, LLC, et al.,[1]                  )    Case No. 09-10589 (MFW)
                                                   )
                      Debtors.                     )    Jointly Administered
                                                   )
---------------------------------------------------x

Re: 1942 4683

## AMENDED SCHEDULING ORDER REGARDING DEBTOR'S OBJECTION TO PROOF OF CLAIM FILED BY BANK OF UTAH

Qimonda Richmond, LLC (the "Debtor") and Bank of Utah, as Indenture Trustee (the "Claimant" and, together with Debtor, the "Parties" and individually, a "Party") having stipulated and agreed to the following amended schedule, the Court hereby orders that the following amended schedule shall apply.

**IT IS HEREBY ORDERED THAT:**

1. The Parties are deemed to have completed the discovery planning conference described in Fed. R. Civ. P. 26(f).

2. The Parties exchanged their initial disclosures under Fed. R. Civ. P. 26(a)(1), made applicable by Fed. R. Bankr. P. 7026 and 9014, on or before August 27, 2010.

3. All fact discovery (including fact depositions) may be served from and after August 27, 2010, and shall be initiated so as to be completed by April 30, 2011, subject to either Party's right to seek relief from this Court to extend the date by which fact discovery must be completed (the date by which all fact discovery must be completed is hereafter referred to as the "Cutoff Date").

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each debtor's federal tax identification number, are: Qimonda Richmond, LLC (7867) and Qimonda North America Corp. (4654).

DOCS_DE:166189.1

4. Subject to any objections and claims of privilege or attorney work product: (a) on or before January 7, 2011, the Parties shall reach written agreement on an e-discovery protocol in this contested matter, to include, without limitation, the manner of production, the custodians to be searched, and the search terms to be utilized; (b) subject to the foregoing e-discovery agreement, on or before January 28, 2011, each Party shall produce all documents (both hard-copy and electronic) in response to requests for production served by the other Party on or before November 30, 2010, subject to the normal obligation to supplement as necessary under Fed. R. Civ. P. 26(e).

5. Subject to timely compliance with paragraph 4 above, on or before January 21, 2011, counsel for the Parties shall meet and confer (either in-person or telephonically) to discuss, (a) the scheduling of deposition discovery, and (b) if appropriate, the potential for entering into fact stipulations that may reduce the scope and expense of further discovery and narrow the range of disputed factual issues for summary judgment and trial. No Party shall commence deposition or third party discovery before February 15, 2011. The discovery stay set forth in this paragraph shall apply to all third party discovery pending as of the date of this Amended Scheduling Order.

6. Each Party shall serve all expert reports required under Fed. R. Civ. P. 26(a)(2)(B) as to issues on which that Party bears the burden of proof no later than forty (40) days after the Cutoff Date.[2]

7. Each Party shall serve any rebuttal expert reports no later than eighty (80) days after the Cutoff Date.

---

[2] All deadlines herein shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006.

8. All expert reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B).

9. All expert discovery shall be completed no later than, and discovery shall close, one-hundred and ten (110) days after the Cutoff Date.

10. All dispositive motions shall be filed and served no later than one-hundred and forty (140) days after the Cutoff Date, and shall be subject to Rule 7007 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

11. A status conference for this matter shall take place at the September, 2011 Omnibus hearing in the above-captioned bankruptcy case.

12. Deadlines contained in this Amended Order may be modified either by stipulation of the Parties without further order of the Court or by the Court upon written motion and for good cause shown. In the event the fifty-nine (59) days allotted herein for fact depositions are deemed insufficient by either Party, the Parties shall meet and confer in good faith on an appropriate extension of the Cutoff Date.

Dated: December 16, 2010
Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE