IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------x
                                   )

In re:                              )      Chapter 11

QIMONDA RICHMOND, LLC, et al.,[1]  )      Case No. 09-10589 (MFW)

               Debtors.   )      Jointly Administered
------------------------------------------------x   Re: Docket Nos. 1419, 2082, 2210 & 2211

## CONSOLIDATED SCHEDULING ORDER REGARDING DEBTOR'S OBJECTION TO PROOFS OF CLAIM FILED BY BANK OF UTAH, MACQUARIE ELECTRONICS USA INC. AND WELLS FARGO BANK NW, N.A.

Qimonda Richmond, LLC (the "Debtor"), Bank of Utah, as Indenture Trustee ("BU"), Macquarie Electronics USA Inc. ("Macquarie"), and Wells Fargo Bank Northwest, N.A., as Owner Trustee ("Wells") (together, the "Parties" and individually, a "Party") having stipulated and agreed to the following consolidated schedule, the Court hereby orders that the following schedule shall apply.

**IT IS HEREBY ORDERED THAT:**

1. The Parties are deemed to have completed the discovery planning conference described in Fed. R. Civ. P. 26(f).

2. All discovery between the parties will be stayed until July 15, 2011. On or before July 11, 2011, Macquarie and Wells shall provide the Debtor and BU with a detailed accounting of the components of the claim and the amounts asserted against the Debtor's estate, subject to extensions as may be reasonably requested by Wells and/or Macquarie, which extensions shall not exceed two weeks following July 11, 2011.

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each debtor's federal tax identification number, are: Qimonda Richmond, LLC (7867) and Qimonda North America Corp. (4654).

3.  The Debtor and BU previously exchanged their initial disclosures under Fed. R. Civ. P. 26(a)(1), made applicable by Fed. R. Bankr. P. 7026 and 9014. The Debtor, on the one hand, and Macquarie and Wells, on the other hand, shall exchange their initial disclosures on or before August 1, 2011. All initial disclosures shall be made available to any other Party upon written request.

4.  All fact discovery (including fact depositions) shall be initiated so as to be completed by October 17, 2011, subject to any Party's right to seek relief from this Court to extend the date by which fact discovery must be completed (the date by which all fact discovery must be completed is hereafter referred to as the "<u>Cutoff Date</u>").

5.  Subject to any objections and claims of privilege or attorney work product or protections of proprietary information (which may be the subject of a separate protective order), on or before August 1, 2011, the Parties shall reach written agreement on an e-discovery protocol in this contested matter, to include, without limitation, the manner of and data format for production, the custodians to be searched, and the search terms to be utilized. Any requests for production served by either the Debtor upon BU, Macquarie and/or Wells or by BU, Macquarie and/or Wells upon the Debtor prior to the date hereof shall be deemed served as of August 1, 2011 or thereafter, once the propounding party notifies the receiving party of such document requests and provides a copy thereof. Further requests for production or other discovery may be served by any Party subject to the terms of this Order and applicable rules.

6.  Subject to timely compliance with paragraph 4 above, on or before August 15, 2011, counsel for the Parties shall meet and confer (either in-person or telephonically) to discuss, (a) the scheduling of deposition discovery, and (b) if appropriate, the potential for entering into fact stipulations that may reduce the scope and expense of further discovery and narrow the

range of disputed factual issues for summary judgment and trial. No Party shall commence deposition discovery before August 15, 2011. The discovery stay set forth in this paragraph and paragraph 2 above shall apply to all third party discovery.

7. Each Party shall serve all expert reports required under Fed. R. Civ. P. 26(a)(2)(B) as to issues on which that Party bears the burden of proof no later than forty (40) days after the Cutoff Date.[2]

8. Each Party shall serve any rebuttal expert reports no later than eighty (80) days after the Cutoff Date.

9. All expert reports shall provide the information required by Fed. R. Civ. P. 26(a)(2)(B).

10. All expert discovery shall be completed no later than, and discovery shall close, one-hundred and ten (110) days after the Cutoff Date.

11. Dispositive motions may be filed at any time, but in any case shall be filed and served no later than one-hundred and forty (140) days after the Cutoff Date, and shall be subject to Rule 7007 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware.

12. A status conference for this matter shall be set by the Debtor to take place in or about January 2012.

---

[2] All deadlines herein shall be calculated in accordance with Federal Rule of Bankruptcy Procedure 9006.

13. Deadlines contained in this Order may be modified either by stipulation of the Parties and approval of the Court, or on motion and order of the Court.

Dated: June 22, 2011
       Wilmington, Delaware

_____
THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE