**ORIGINAL**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x
                                                         )
In re                                                    )  Chapter 11
                                                         )
QIMONDA RICHMOND, LLC, et al.,[1]                        )  Case No. 09-10589 (MFW)
                                                         )
                    Debtors.                             )  Jointly Administered
                                                         )
---------------------------------------------------------x  Re: Docket Nos. 2342, 2343 and 2403

### ORDER GRANTING JOINT MOTION OF DEBTORS AND CREDITORS' COMMITTEE FOR ENTRY OF AN ORDER (A) APPROVING DISCLOSURE STATEMENT; (B) APPROVING PROCEDURES FOR SOLICITATION, NOTICE, VOTING AND TABULATION; AND (C) FIXING A CONFIRMATION HEARING DATE AND CERTAIN NOTICE AND OBJECTION PROCEDURES IN CONNECTION THEREWITH

Upon the motion (the "Motion") of the Plan Proponents[2] for entry of an order (a) approving the Disclosure Statement; (b) approving Solicitation Procedures and notice procedures; (c) approving voting and tabulation procedures; and (d) establishing confirmation notice and objection procedures; and the Court finding that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), venue of this proceeding and the Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409, and due, adequate and sufficient notice of the Motion has been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause appearing therefore, it is hereby ORDERED, that:

    1.    The Motion is granted.

---

[1] The Debtors in these chapter 11 cases, along with the last four (4) digits of each Debtor's federal tax identification number, are: Qimonda Richmond, LLC (7867) and Qimonda North America Corp. (4654).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion, the Disclosure Statement or Plan, as applicable.

## GENERAL PROVISIONS

2. The Disclosure Statement, as annexed hereto as Exhibit 9, complies with section 1125 of the Bankruptcy Code and is hereby approved as containing adequate information, as defined by section 1125(a) of the Bankruptcy Code.

3. The solicitation procedures set forth herein (the "Solicitation Procedures") are hereby approved; provided, however, the Plan Proponents may amend or supplement the Solicitation Procedures in any way not inconsistent with any provision of this Order, without further order of this Court, to facilitate the solicitation process.

## DEADLINES

4. **July 12, 2011 at 4:00 p.m. (prevailing Eastern Time)** shall be the Voting Record Date for determining: (a) the creditors and interest holders that are entitled to receive the Solicitation Package or such other notices and materials pursuant to the Solicitation Procedures; (b) the creditors entitled to vote to accept or reject the Plan; and (c) whether claims or interests have been transferred properly to an assignee pursuant to Bankruptcy Rule 3001(e) such that the assignee can vote as the holder of the claim.

5. Any objections to the Plan must be filed by **August 22, 2011 at 4:00 p.m. (prevailing Eastern Time)** (the "Plan Objection Deadline"), and must:

    a. be in writing;

    b. conform to the Bankruptcy Rules and the Local Rules;

    c. state the name, address and phone number of the objecting party and the amount and nature of the claim or interest of such party;

    d. state with particularity the basis and nature of any objection to the Plan and, if practicable, a proposed modification to the Plan that would resolve such objection; and

  e. be filed, contemporaneously with proof of service, with the Court and served so that it is actually received by the notice parties identified in the Confirmation Hearing Notice, no later than the Plan Objection Deadline.

6. The Voting Deadline shall be **August 22, 2011 at 4:00 p.m. (prevailing Eastern Time)**; provided, however, the Plan Proponents may extend the Voting Deadline for a holder of a Class 2 General Unsecured Claim, if necessary, in writing or by e-mail, without further order of this Court, to a date that is no later than five (5) business days before the Confirmation Hearing.

7. The Plan Proponents, no later than **4:00 p.m. (prevailing Eastern Time)**, two (2) business days prior to the Confirmation Hearing, may file their reply to objections, if any, to confirmation of the Plan.

8. The Confirmation Hearing shall commence on **September 19, 2011 at 11:30 a.m. (prevailing Eastern Time)**, which date may be continued from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open court.

## PROVISIONS RELATED TO VOTING

9. Holders of Allowed DIP Claims, Allowed Administrative Expense Claims, Allowed Professional Fee Claims, Allowed Priority Tax Claims, Allowed Other Priority Claims and Allowed Class 1 Secured Claims are not entitled to vote pursuant to section 1126(f) of the Bankruptcy Code or otherwise.

10. Class 4 Equity Interests are not entitled to vote to accept or reject the Plan pursuant to section 1126(g) of the Bankruptcy Code.

11. All Ballots must be properly executed, completed and delivered by: (a) first-class mail, in the return envelope provided with each Ballot, (b) overnight courier or

(c) personal delivery, so that the Ballots are **actually received** by Epiq no later than the Voting Deadline at one of the following addresses: (a) via U.S. mail, to Qimonda Richmond, LLC Ballot Processing Center c/o Epiq Bankruptcy Solutions, LLC, FDR Station, P.O. Box 5014, New York, NY 10150-5014; or (b) via hand delivery or overnight mail, to Qimonda Richmond, LLC Ballot Processing Center, c/o Epiq Bankruptcy Solutions, LLC, 757 Third Avenue, 3rd Floor, New York, NY 10017.

12. All votes to accept or reject the Plan must be cast by using the appropriate Ballot.

**NOTICE AND FORMS**

13. The Plan Proponents have provided adequate notice of the time fixed for filing objections and the hearing to consider approval of the Disclosure Statement in accordance with Bankruptcy Rules 2002 and 3017.

14. The Confirmation Hearing Notice provides creditors and parties in interest with sufficient notice regarding the injunction, exculpation, and third party release provisions contained in the Plan in compliance with Bankruptcy Rule 3016(c).

15. After the Disclosure Statement Hearing but no less than ten days prior to the Plan Objection Deadline, the Plan Proponents shall publish the Confirmation Hearing Notice one time in the national edition of *The Wall Street Journal*.

16. The form of the Confirmation Hearing Notice, substantially in the form annexed hereto as Exhibit 1, complies with the requirements of Bankruptcy Rules 2002(b), 2002(c)(3) and 2002(d) and is approved.

17. The form of Ballots, substantially in the form annexed hereto as Exhibit 2, and the form of the voting instructions, substantially in the form annexed to such Ballots, are hereby approved.

18. The form of letter explaining the solicitation process and urging the holders of Class 2A Claims and Class 2B Claims to vote to accept the Plan, substantially in the form annexed hereto as Exhibit 3, is hereby approved.

19. The Plan Proponents are authorized to make non-substantive changes to documents constituting the Solicitation Package and Non-Voting Notices, as applicable, prior to their mailing without further order of the Court, including, without limitation, the insertion of dates and times approved by the Court, changes to correct typographical and grammatical errors, pagination changes and other conforming changes among such documents.

20. The form of Disputed Claim Notice, substantially in the form attached hereto as Exhibit 4, is hereby approved.

21. The forms of the Non-Voting Status Notices, substantially in the forms annexed hereto as Exhibits 5 and 6 are hereby approved.

22. The form of Disclosure Statement Hearing Notice, substantially in the form annexed hereto as Exhibit 7, is hereby approved.

23. The form of letter from plaintiffs' counsel in the WARN Act Case, the Maxey Action and the Carey Action (collectively, "Plaintiffs' Counsel") to potential Class Members explaining the solicitation process and urging such potential Class Members to vote to accept the Plan, substantially in the form annexed hereto as Exhibit 8 (the "Plaintiffs' Counsel Letter"), is hereby approved.

**DISTRIBUTION PROCEDURES**

24. The Solicitation Packages shall be mailed within seven (7) business days of the entry of this Order.

25. The Plan Proponents shall distribute or cause the Solicitation Agent to distribute to holders of Allowed DIP Claims, Allowed Administrative Expense Claims, Allowed Professional Fee Claims, Allowed Priority Tax Claims and Allowed Other Priority Claims, and Class 1 Secured Claims, the Confirmation Hearing Notice and the Notice of Non-Voting Status With Respect to Classes Deemed to Accept the Plan, substantially in the form annexed hereto as Exhibit 5.

26. The Plan Proponents shall distribute or cause the Solicitation Agent to distribute the Solicitation Package to holders of Allowed Class 2A and 2B General Unsecured Claims.

27. Holders of General Unsecured Claims subject to a claim objection will receive the Solicitation Package, excluding a Ballot, and a Notice of Non-Voting Status With Respect To Disputed Claims.

28. While holders of Class 3 Intercompany Claims are Impaired and are entitled to vote, the Debtors are not seeking votes from holders of Claims in Classes 3A and 3B because each Debtor will be deemed to have voted to accept the Plan. Accordingly, the Plan Proponents will not mail Solicitation Packages to such holders.

29. Because the Plan provides no distribution to holders of Class 4 Equity Interests and such holders accordingly are not entitled to vote, the Plan Proponents shall distribute or cause the Solicitation Agent to distribute to such holders the Confirmation Hearing

Notice and a Notice of Non-Voting Status With Respect To Classes Deemed To Reject the Plan, substantially in the form annexed hereto as Exhibit 6.

30. The Plan Proponents will mail, or cause to be mailed, the Solicitation Package or appropriate notice, as applicable, to any of the persons or entities listed in subparagraphs (a)-(d) below:

    a. all persons or entities, as applicable, who, on or before the Voting Record Date, have timely filed a proof of claim (or an untimely proof of claim that has been allowed as timely by the Court under applicable law on or before the Voting Record Date) that has not been expunged, disallowed, disqualified or suspended prior to the Voting Record Date;

    b. all persons or entities, as applicable, listed in the Debtors' schedules filed with the Court (as amended, the "Schedules") as holding a noncontingent, liquidated, undisputed claim as of the Voting Record Date, and that has not been superseded by a timely filed proof of claim, except to the extent that such claim was paid, expunged, disallowed, disqualified or suspended prior to the Voting Record Date;

    c. all persons or entities, as applicable, that hold claims pursuant to an agreement or settlement with the Debtors executed prior to the Voting Record Date, as reflected in a court pleading, stipulation, term sheet, agreement, or other document filed with the Court, in an Order entered by the Court, or in a document executed by the Debtors pursuant to authority granted by the Court; and

    d. the holder of any Disputed Claim that has been temporarily allowed to vote pursuant to a Resolution Event (as defined below).

31. For the purposes of mailing a Solicitation Package or appropriate notice, as applicable, the Debtors are entitled to rely on the address set forth in a timely filed proof of claim, or, if no timely proof of claim is filed, as set forth on the Debtors' schedules of liabilities; unless any change of address has been provided by written notice to Epiq and the Debtors' counsel no later than the Voting Record Date.

32. The Plan Proponents shall be excused from giving notice or providing service of any kind upon any person or entity to whom the Plan Proponents mailed a notice regarding the Disclosure Statement Hearing or any other notices or materials to be distributed pursuant to this Order and received any of such notices returned by the United States Postal Service or any other carrier marked "undeliverable as addressed", "moved – left no forwarding address", or "forwarding order expired", or similar reason, unless the Debtors have been informed in writing by such person or entity of that person's or entity's new address.

33. The Plan Proponents will cause Epiq to serve the Solicitation Package, excluding Ballots, on: (i) the Office of the U.S. Trustee (ii) counsel to the agent for the Debtors' post-petition lenders; (iii) counsel to the administrator for Qimonda AG; (iv) the Securities and Exchange Commission; and (v) those parties who have filed and not withdrawn requests for notices under Bankruptcy Rule 2002.

34. The procedures for distribution of the Solicitation Package and notices as applicable, set forth herein satisfy the requirements of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules.

**HOLDERS OF CLAIMS ENTITLED TO VOTE**

35. Only the following holders of Allowed General Unsecured Claims shall be entitled to vote with regard to such claims:

    a. Holders of Allowed General Unsecured Claims for which proofs of claim have been timely-filed, and that have not been amended or superseded by later filed claims, as reflected on the Claims Register as of the Voting Record Date; provided, however, that holders of Allowed General Unsecured Claims subject to a pending objection shall not be entitled to vote unless they become eligible through a Resolution Event;

    b. Holders of Allowed General Unsecured Claims that are listed in the Schedules, with the exception of those Claims that are

scheduled as contingent, unliquidated or disputed (excluding such claims that have been superseded by a timely-filed proof of claim);

c. Holders whose Allowed General Unsecured Claims arise pursuant to an agreement or settlement with the Debtors, as reflected in a document approved by the Court, in an order of the Court, or in a document executed by the Debtors pursuant to authority granted by the Court, in each case regardless of whether a proof of claim has been filed; and

d. The assignee of a transferred Allowed General Unsecured Claim (whether a timely-filed or scheduled claim) shall be permitted to vote such claim only if the transfer or assignment has been fully effectuated pursuant to the procedures set forth in Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

## **TABULATION**

36. The following voting procedures and standard assumptions shall be used in tabulating Ballots:

a. Except as otherwise provided herein, unless the Ballot being furnished is timely submitted on or prior to the Voting Deadline, the Plan Proponents shall reject such Ballot as invalid and, therefore, decline to count it in connection with confirmation;

b. The Solicitation Agent will date stamp all Ballots when received and retain the original Ballots and an electronic copy of the same for a period of one year after the Effective Date of the Plan, unless otherwise ordered by the Court;

c. As soon as reasonably practicable before the Confirmation Hearing, unless such other date is set by the Court, the Solicitation Agent will file a Voting Report (the "Voting Report") with the Court. The Voting Report shall, among other things, provide the results of the tabulation of votes to accept or reject the Plan and a report of Ballots received and not included in the tabulation with the reason such Ballot was not counted;

d. The method of delivery of Ballots to be sent to the Solicitation Agent is at the election and risk of each holder, and except as otherwise provided, a Ballot will be deemed delivered only when the Solicitation Agent actually receives the original executed Ballot;

9

e. An original executed Ballot is required to be submitted by the entity submitting such Ballot. Delivery of a Ballot to the Solicitation Agent by facsimile, e-mail, or any other electronic means will not be valid;

f. No Ballot should be sent to any of the Plan Proponents, the Plan Proponents' agents (other than the Solicitation Agent), any indenture trustee (unless specifically instructed to do so), or the Plan Proponents' financial or legal advisors, and if so sent will not be counted;

g. The Plan Proponents expressly reserve the right to amend from time to time the terms of the Plan in accordance with the terms thereof (subject to compliance with the requirements of section 1127 of the Bankruptcy Code and the terms of the Plan regarding modification);

h. If multiple Ballots are received from the same holder with respect to the same Claim prior to the Voting Deadline, the last valid Ballot timely received will be deemed to reflect that voter's intent and will supersede and revoke any prior Ballot;

i. For purposes of the numerosity requirement of section 1126(c) of the Bankruptcy Code separate Claims held by a single creditor in a particular Class shall be aggregated as if such creditor held one Claim against the Debtors in such Class, and the votes related to such Claims shall be treated as a single vote to accept or reject the Plan.

j. Holders must vote all of their claims within a particular Class either to accept or reject the Plan and may not split any votes. Accordingly, a Ballot that partially rejects and partially accepts the Plan will not be counted.

k. A person signing a Ballot in its capacity as a trustee, executor, administrator, guardian, attorney in fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if requested, must submit proper evidence to the requesting party of authorization to sign.

l. The Plan Proponents, subject to contrary order of the Court, may waive any defects or irregularities as to any particular Ballot at any time, either before or after the close of voting, and any such waivers will be documented in the Voting Report;

m. Neither the Plan Proponents, nor any other entity, will be under any duty to provide notification of defects or irregularities with respect to delivered Ballots other than as provided in the Voting

Report, nor will any of them incur any liability for failure to provide such notification;

n.  Unless waived or as ordered by the Court, any defects or irregularities in connection with deliveries of Ballots must be cured prior to the Voting Deadline or such Ballots will not be counted;

o.  In the event a designation of lack of good faith is requested by a party in interest under section 1126(e) of the Bankruptcy Code, the Court will determine whether any vote to accept and/or reject the Plan cast with respect to the associated claim will be counted for purposes of determining whether the Plan has been accepted and/or rejected;

p.  Subject to any contrary order of the Court, the Plan Proponents reserve the right to reject any and all Ballots not in proper form, the acceptance of which, in the opinion of the Plan Proponents, would not be in accordance with the provisions of the Bankruptcy Code or the Bankruptcy Rules; provided, however, that any such rejections will be documented in the Voting Report; and

q.  If an objection to a claim is filed prior to the Voting Record Date, such Claim shall be treated in accordance with the procedures set forth herein.

37. The following Ballots shall not be counted in determining the acceptance or rejection of the Plan: (i) any Ballot that is illegible or contains insufficient information to permit the identification of the creditor; (ii) any Ballot cast by an entity that does not hold an Allowed General Unsecured Claim (iii) any Ballot cast for a claim scheduled as unliquidated, contingent, or disputed for which no proof of claim was timely filed; (iv) any unsigned Ballot or Ballot lacking an original signature; (v) any Ballot not marked to accept or reject the Plan, or marked both to accept and reject the Plan; and (vi) any Ballot submitted by any Entity not entitled to vote pursuant to the procedures described herein.

**CLAIM AMOUNTS FOR VOTING PURPOSES**

38. In tabulating votes, the following hierarchy shall be used to determine the amount of each Allowed General Unsecured associated with each creditor's vote:

a. The amount on a timely filed or deemed to be timely filed proof of claim not subject to an objection or the claim amount settled and/or agreed upon by the Debtors prior to the Voting Record Date, as reflected in a court pleading, stipulation, term sheet, agreement or other document filed with the Court, in an Order entered by the Court, or in a document executed by the Debtors pursuant to authority granted by the Court.

b. The claim amount allowed (temporarily or otherwise) pursuant to a Resolution Event.

c. If a Claim is deemed allowed in accordance with the Plan, such Claim will be temporarily allowed for voting purposes in the deemed allowed amount set forth in the Plan.

d. If a Claim has been estimated or otherwise allowed for voting purposes only by an order of the Court, such claim shall be temporarily allowed in the amount so estimated or allowed by the Court for voting purposes only, and not for purposes of allowance or Distribution;

e. If a claim is partially liquidated and partially unliquidated, such claim shall be allowed for voting purposes only in the liquidated amount.

f. To the extent the claim amount contained in the proof of claim is different from the claim amount set forth in a court pleading, stipulation, term sheet, agreement, or other document filed with the Court, the claim amount in the court pleading, stipulation, term sheet, agreement or other document filed with the Court shall supersede the claim amount set forth on the respective proof of claim.

g. The Claim amount listed in the Schedules, provided that (a) such claim is not scheduled for $0.00 or as contingent, disputed or unliquidated and has not been paid and (b) no proof of claim has been filed with respect to such Claim.

h. Claims filed for $0.00 are not entitled to vote.

i. Notwithstanding anything to the contrary contained herein, any creditor who has filed or purchased duplicate claims within the same Voting Class shall be provided with only one Solicitation Package and one ballot for voting a single claim in such class, regardless of whether the Debtors have objected to such duplicate claims;

j. The claim amount established herein shall control for voting purposes only, and shall not constitute the Allowed amount of any Claim for the purposes of any Distributions.

**TEMPORARY ALLOWANCE OF CLAIMS**

39. If an objection to a Claim is pending on the Voting Record Date, the holder of such Claim shall receive the Solicitation Package, without a Ballot, and a Notice of Non-Voting Status With Respect To Disputed Claims ("Disputed Claim Notice"), substantially in the form annexed hereto as Exhibit 4. Such holder of a Claim cannot vote on the Plan unless one or more of the following take place prior to the Voting Deadline: (a) an order of the Court is entered allowing such claim pursuant to section 502(b) of the Bankruptcy Code, after notice and a hearing; (b) an order of the Court is entered temporarily allowing such claim for voting purposes only pursuant to Bankruptcy Rule 3018(a), after notice and a hearing; (c) a stipulation or other agreement is executed between the holder of such claim, the Debtors and the Creditors' Committee resolving the objection and allowing such claim in an agreed-upon amount; (d) a stipulation or other agreement is executed between the holder of such Claim, the Debtors and the Creditors' Committee, temporarily allowing the holder of such claim to vote its claim in an agreed-upon amount; or (e) the pending objection to such Claim is voluntarily withdrawn by the Debtors or the Creditors' Committee, as applicable (each, a "Resolution Event"). No later than two (2) business days after a Resolution Event, Epiq shall distribute a Ballot and a pre-addressed, postage pre-paid envelope to the relevant holder of the disputed Claim, which must be returned to Epiq by no later than the Voting Deadline, unless such deadline is extended by the Debtors to facilitate a reasonable opportunity for such creditor to vote for or against the Plan after the occurrence of a Resolution Event.

13

40. If the Plan Proponents file a claim objection after the Voting Record Date, Epiq shall not count any such claim holder's Ballot absent a Resolution Event taking place on or before the Confirmation Hearing.

**ADDITIONAL VOTING PROVISIONS
RELATED TO THE EMPLOYEE SETTLEMENT AGREEMENT**

41. Claim numbers 984, 985, 986, 987, 988 and 989 shall not be entitled to vote to accept or reject the Plan and shall be deemed to be disallowed for voting purposes only.

42. The Plan Proponents shall distribute to each potential Class Member a Solicitation Package and a copy of the Plaintiffs' Counsel Letter.

43. Each potential Class Member that does not elect to opt out of the Employee Settlement Agreement by the July 22, 2011 opt-out deadline shall be entitled to vote a pro rata share (based solely on the number of Class Members) of the $10 million and $17 million General Unsecured Claims against QR and QNA, respectively (collectively, the "Class Action GUC").

44. If a Class Member timely submits a Ballot to vote for or against the Plan for claims other than the Class Action GUC, such Class Member will be deemed to have voted his or her portion of the Class Action GUC in the same manner as the submitted Ballot.

45. Pursuant to the terms of the Employee Settlement Agreement, if a Class Member does not timely submit a Ballot to vote such Class Member's pro rata portion of the Class Action GUC and is not deemed to have voted his or her portion of the Class Action GUC in accordance with the prior decretal paragraph, Plaintiffs' Counsel is authorized to submit a master Ballot to vote all such claims for or against the Plan.

**ADDITIONAL PROVISIONS**

46. All time periods set forth in this order shall be calculated in accordance with Bankruptcy Rule 9006(a).

47. The Plan Proponents are authorized to take all actions necessary to effectuate the relief granted pursuant to this order.

48. Notwithstanding the possible applicability of Bankruptcy Rule 6004(h), 7062, 9014 or otherwise, the terms and conditions of this order shall be immediately effective and enforceable upon its entry.

49. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: July 12, 2011
Wilmington, Delaware

THE HONORABLE MARY F. WALRATH
UNITED STATES BANKRUPTCY JUDGE